**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES COLLINS,<br><br>       Plaintiff,<br><br>v.<br><br>STEVENS INSTITUTE OF TECHNOLOGY, and TIMOTHY GRIFFIN, MARK SAMOLOWICZ, and JOHN DOES 1-5,<br><br>       Defendants. | Civil Action No. 15-4393 (ES) (JAD)<br><br>**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO REMAND** |

**JOSEPH A. DICKSON, U.S.M.J.**

This matter comes before the Court upon Plaintiff James Collins' ("Plaintiff") Motion to Remand this case to the Superior Court of New Jersey, Hudson County, pursuant to 28 U.S.C. § 1447. (ECF No. 5). The Honorable Esther Salas, U.S.D.J. referred Plaintiff's Motion to this Court for a Report and Recommendation. Pursuant to Federal Rule of Civil Procedure 78, the Court did not hear oral argument on Plaintiff's application. Upon careful consideration of the parties' submissions, and for the reasons stated below, it is the recommendation of this Court that Plaintiff's Motion be **DENIED**.

I.    **BACKGROUND**

On May 18, 2015, Plaintiff, a resident alien from Ireland, filed this action in the Superior Court of New Jersey, Hudson County, against Defendants Stevens Institute of Technology[1]

---

[1] Defendants note "The Trustees of Stevens Institute of Technology" were improperly pled as "Stevens Institute of Technology". (Notice of Removal, ECF No. 1).

1

("Stevens"), Timothy Griffin, Mark Samolowicz, and John Does 1-5 (collectively "Defendants"). (Compl., Ex. A, ECF No. 1-1). The Complaint primarily alleges that Stevens, a private research University in Hoboken, New Jersey, wrongfully discharged Plaintiff on the grounds that he was not a citizen while employed as a police officer for the University. (Id.). Plaintiff further alleges that he was discharged because of a scheme, orchestrated by Defendant Griffin, Stevens' police chief and retired Hudson County investigator, (id. ¶¶ 4, 15), and Defendant Samolowicz, Stevens' Vice President of Human Resources, (id. ¶ 5), in which Stevens only hired retired municipal police officers so that they could continue working in the private sector while still being eligible to receive their public pensions. (Id. ¶ 17).

Defendants were served with the Summons and Compliant on June 17, 2015. (Notice of Removal, ECF No. 1, ¶ 2). Defendants then filed a Notice of Removal, asserting that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. (Id.) Specifically, federal question jurisdiction is implicated by Plaintiff's claims under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, and the Unfair Immigration-Related Employment Practices Act, 8 U.S.C. § 1324b. (Id. ¶ 3).

On July 22, 2015, Defendants filed a Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 4). On July 27, 2015, Plaintiff filed a Motion to Remand, arguing that this case should be remanded to the Superior Court of New Jersey pursuant to 28 U.S.C. § 1447. (ECF No. 5). Specifically, Plaintiff states that the federal law claims used as the basis for removal are "subsumed within the State claims which are the primary basis of the complaint." (Wolff Cert., ECF No. 5-1, ¶ 4). In an attempt to remove the federal questions at issue, Plaintiff stated he would file an Amended Complaint, which would remove "the Sixth Count

in its entirety[2] and removes the reference to the ADEA contained in the Fourth Count."[3] (Id. ¶ 5). Plaintiff attached the proposed Amended Complaint to his Motion to Remand. (ECF No. 5-2).

Defendants opposed Plaintiff's Motion to Remand on August 25, 2015, arguing that it should be denied for the following three reasons: "(1) plaintiff fails to come forward with a single defect in the removal application; (2) remand is improper because plaintiff cannot state a claim; and (3) plaintiff's informal proposal to amend the Complaint is a procedurally improper substitute for a motion for leave to amend, and could not serve as a basis to remand in any event." (Def. Opp. Br., ECF No. 8, at 1).

## II. LEGAL STANDARD – REMOVAL AND REMAND

Title 28, § 1441(a) of the United States Code permits defendants to remove a civil action in state court to a federal court where the action could have been filed originally; that is, where the federal court has subject matter jurisdiction over the action. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Section 1446 outlines the procedures for removal, and Section 1447 outlines the procedures following removal. 28 U.S.C. §§ 1446, 1447.

The party seeking removal bears the burden of demonstrating that removal is proper.

---

[2] Presumably, the Sixth Count Plaintiff seeks to remove in its entirety refers to the alleged violation of the Unfair Immigration-Related Employment Practice Act. It should be noted, however, that the Sixth Count in the original Complaint is a claim for emotional distress. The Unfair Immigration-Related Employment Practice Act is Plaintiff's Fifth Count. (See Notice of Removal, ECF No. 1; ECF No. 5-2). Consequently, Plaintiff's attached Amended Complaint eliminates the Sixth Count for emotional distress, but the Fifth Count for "unfair immigration practice" remains. (ECF No. 5-2). Plaintiff's attached Amended Complaint removes paragraph 42 of Plaintiff's original Complaint, which states, "[t]he discharge of [P]laintiff is in violation of Federal Law and is an unfair immigration related employment practice. 8 U.S.C. § 1324b." (Compl., Ex. A, ECF No. 1-1, ¶ 42). As a result, Plaintiff's attached Amended Complaint no longer specifically references the Unfair Immigration-Related Employment Practice Act, but maintains a Count for "unfair immigration practice". (ECF No. 5-2, at 11).
[3] The Fourth Count in Plaintiff's attached Amended Complaint alleges a violation of the New Jersey Law Against Discrimination, however, the Count's heading still contains reference to the Age Discrimination in Employment Act. (Id. at 10).

Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007); see also Brown v. Jevic, 575 F.3d 322, 326 (3d Cir. 2009). Removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) (quoting Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir.1987)). When ruling on whether an action should be remanded to the state court from which it was removed, a district court must focus on the operative complaint at the time the petition for removal was filed. Group Hospitalization & Med. Servs. v. Merck-Medco Managed Care, LLP., 295 F. Supp. 2d 457, 461-462 (D.N.J. 2003). It remains the defendants' burden to show the existence and continuance of federal jurisdiction. See Abels v. State Farm Fire & Casualty Co., 770 F.2d 26, 29 (3d Cir. 1985); see also 14A C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3739.

Federal question subject matter jurisdiction applies to "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 463 U.S. 1, 27-28 (1983). That is, in certain cases federal question jurisdiction will lie over state law claims that implicate significant federal issues or "turn on substantial questions of federal law." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Manufacturing, 545 U.S. 308, 312 (2005). In such cases, the question of whether federal question jurisdiction exists depends on "whether the state law claim necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Id. at 308.

4

### III. ANALYSIS

As noted above, Defendants removed this matter to this Court on the basis of federal question jurisdiction. (Notice of Removal, ECF No. 1). Specifically, Defendants relied on Plaintiff's allegations that asserted violations of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, and the Unfair Immigration-Related Employment Practice Act, 8 U.S.C. § 1324b. (Id.).

In his Motion for Remand, Plaintiff does not challenge that removal was proper. Rather, Plaintiff seeks remand on the basis that his claims primarily reside in state law, and, in order to remand, "he will file an Amended Complaint, which will remove the Sixth Count in its entirety and removes [sic] the reference to the ADEA contained in the Fourth Count." (Wolff Cert., ECF No. 5-1, ¶¶ 4-5). Plaintiff attached the Amended Complaint to his Motion to Remand, but has failed to file it. (Id.).

While remand may have been appropriate if the federal law claims were removed, Plaintiff's <u>operative</u> Complaint alleges federal causes of action. Attaching an Amended Complaint to a Motion to Remand is not sufficient to properly amend a Complaint. See Fed. R. Civ. P. 15. Federal Rule of Civil Procedure 15(a) governs request for leave to amend, allowing a party to amend its pleadings after obtaining the court's leave or the written consent of its adversary. Additionally, Federal Rule of Civil Procedure 15(a) provides, in pertinent part:

(a) Amendments Before Trial.

(1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

5

Fed. R. Civ. P. 15(a).  Here, Defendants' timely filed a Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on July 22, 2015.  (ECF No. 4).  On July 27, 2015, just five (5) days later, Plaintiff filed the Motion to Remand with the attached Amended Complaint. (ECF No. 5).  Instead, Plaintiff should have filed the Amended Complaint because, as noted above, a party may amend its pleading "once as a matter of course" within "21 days after service of a motion under Rule 12(b), (e), or (f)[.]"  Federal Rule of Civil Procedure 15(a)(1)(B).

Because Plaintiff did not file the Amended Complaint, or a Motion to Amend, but rather attached the Amended Complaint to his Motion to Remand, Plaintiff's original Complaint, which contains federal causes of action, is the <u>operative</u> Complaint.  Consequently, this Court continues to exercise subject matter jurisdiction pursuant to 28 U.S.C § 1331.

## IV.  CONCLUSION

Based on the foregoing, this Court respectfully recommends that Plaintiff's Motion to Remand, (ECF No. 5), be **DENIED**.

_____
JOSEPH A. DICKSON, U.S.M.J.

cc:   Hon. Esther Salas, U.S.D.J.