NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

<table>
<tr><td>

JAMES COLLINS,

      **Plaintiff,**

v.

STEVENS INSTITUTE OF TECHNOLOGY, and TIMOTHY GRIFFIN, MARK SAMOLOWICZ, and JOHN DOES 1-5,

      **Defendants.**

</td><td>

Civil Action No. 15-4393 (ES) (JAD)

REPORT AND RECOMMENDATION ON PLAINTIFF'S THIRD MOTION TO REMAND

</td></tr>
</table>

**JOSEPH A. DICKSON, U.S.M.J.**

This matter comes before the Court upon Plaintiff James Collins' ("Plaintiff") third Motion to Remand this case to the Superior Court of New Jersey, Hudson County, pursuant to 28 U.S.C. § 1447. (ECF No. 32). The Honorable Esther Salas, U.S.D.J. referred Plaintiff's Motion to this Court for a Report and Recommendation. Upon careful consideration of the parties' submissions, and for the reasons stated below, it is the recommendation of this Court that Plaintiff's Motion be **GRANTED.**

I.     **BACKGROUND**

On May 18, 2015, Plaintiff, a resident alien from Ireland, filed this action in the Superior Court of New Jersey, Hudson County, against Defendants Stevens Institute of Technology[1] ("Stevens"), Timothy Griffin, Mark Samolowicz, and John Does 1-5 (collectively "Defendants").

---

[1] Defendants note "The Trustees of Stevens Institute of Technology" were improperly pled as "Stevens Institute of Technology". (Notice of Removal, ECF No. 1).

(Compl., Ex. A, ECF No. 1-1). The Complaint primarily alleges that Stevens, a private research University in Hoboken, New Jersey, wrongfully discharged Plaintiff on the grounds that he was not a citizen while employed as a police officer for the University. (Id.). Plaintiff further alleges that he was discharged because of a scheme Defendant Griffin, Stevens' police chief and retired Hudson County investigator, (id. ¶¶ 4, 15), and Defendant Samolowicz, Stevens' Vice President of Human Resources, (id. ¶ 5), orchestrated, which allegedly involved Stevens only hiring retired municipal police officers so that they could continue working in the private sector while still being eligible to receive their public pensions. (Id. ¶ 17).

Defendants were served with the Summons and Compliant on June 17, 2015. (Notice of Removal, ECF No. 1, ¶ 2). Defendants then filed a Notice of Removal, asserting that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. (Id.) Specifically, federal question jurisdiction was implicated by Plaintiff's claims under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., and the Unfair Immigration-Related Employment Practices Act, 8 U.S.C. § 1324b. (Id. ¶ 3).

On July 22, 2015, Defendants filed a Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 4). On July 27, 2015, Plaintiff filed a Motion to Remand, arguing that this case should be remanded to the Superior Court of New Jersey pursuant to 28 U.S.C. § 1447. (ECF No. 5). Specifically, Plaintiff argued that the federal law claims used as the basis for removal are "subsumed within the State claims which are the primary basis of the complaint." (Wolff Cert., ECF No. 5-1, ¶ 4). In an attempt to remove the federal questions at issue, Plaintiff stated he would file an Amended Complaint, which would remove "the Sixth Count in its entirety and remove[] the reference to the ADEA contained in the Fourth Count." (Wolff

Cert., ECF No. 5-1, ¶ 5).  Plaintiff attached the proposed Amended Complaint to his Motion to Remand.  (Prop. Am. Compl., ECF No. 5-2).

Defendants opposed Plaintiff's Motion to Remand on August 25, 2015, arguing that it should be denied for the following three reasons: "(1) plaintiff fails to come forward with a single defect in the removal application; (2) remand is improper because plaintiff cannot state a claim; and (3) plaintiff's informal proposal to amend the Complaint is a procedurally improper substitute for a motion for leave to amend, and could not serve as a basis to remand in any event." (Def. Opp. Br., ECF No. 8, at 1).

This Court issued a report and recommendation on December 2, 2015, recommending that the District Court deny Plaintiff's Motion to Remand on technical grounds.  This Court found that "[b]ecause Plaintiff did not file the Amended Complaint, or a Motion to Amend, but rather attached the Amended Complaint to his Motion to Remand, Plaintiff's original Complaint, which contains federal causes of action, is the operative Complaint.  Consequently, this Court continues to exercise subject matter jurisdiction pursuant to 28 U.S.C § 1331." (ECF No. 15, at 6).  Judge Salas adopted this Court's report and recommendation on March 2, 2016.  (ECF No. 20).

Following an in-person status conference with this Court, Defendants consented to the filing of an Amended Complaint and a consent Order was submitted on February 3, 2016.  (ECF No. 16).  Plaintiff's Amended Complaint removed the federal causes of action that permitted this Court to retain jurisdiction pursuant to 28 U.S.C. § 1331.  (See Am. Compl., ECF No. 16).  On February 17, 2016, Defendants filed a Motion to Dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  (ECF No. 18).

On April 12, 2016, Plaintiff filed the instant Motion to Remand this case, pursuant to 28 U.S.C. § 1447 arguing that in the absence of federal claims, this Court's exercise of jurisdiction is discretionary. (Pl. Br., ECF No. 32-1, at 1). Defendants opposed on May 2, 2016 arguing that Plaintiff's removal of the federal causes of action is an attempt to manipulate this Court's jurisdiction and, therefore, Plaintiff's Motion to Remand should be denied. (Def. Opp. Br., ECF No. 36).

## II.  LEGAL STANDARD

### a.  Removal and Remand

Title 28, § 1441(a) of the United States Code permits defendants to remove a civil action in state court to a federal court where the action could have been filed originally; that is, where the federal court has subject matter jurisdiction over the action. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Section 1446 outlines the procedures for removal, and Section 1447 outlines the procedures following removal. 28 U.S.C. §§ 1446, 1447.

The party seeking removal bears the burden of demonstrating that removal is proper. Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007); see also Brown v. Jevic, 575 F.3d 322, 326 (3d Cir. 2009). Removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) (quoting Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir.1987)). When ruling on whether an action should be remanded to the state court from which it was removed, a district court must focus on the operative complaint at the time the petition for removal was filed. Group Hospitalization & Med. Servs. v. Merck-Medco Managed Care, LLP., 295 F. Supp. 2d 457, 461-462 (D.N.J. 2003). It remains the defendants' burden to show the existence and continuance of federal jurisdiction. See Abels v. State Farm Fire & Casualty Co.,

770 F.2d 26, 29 (3d Cir. 1985); see also 14A C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3739.

Federal question subject matter jurisdiction applies to "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  A claim "arises under" federal law if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 463 U.S. 1, 27-28 (1983). That is, in certain cases federal question jurisdiction will lie over state law claims that implicate significant federal issues or "turn on substantial questions of federal law." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Manufacturing, 545 U.S. 308, 312 (2005).  In such cases, the question of whether federal question jurisdiction exists depends on "whether the state law claim necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Id. at 308.

### b. Supplemental Jurisdiction

Pursuant to 28 U.S.C. § 1367,

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a).  Subsection (c) provides that

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--

5

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). A court may, therefore, "remand a properly removed case to state court whenever all federal claims have been deleted." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 359 (1988).

Both parties rely on Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343 (1988) in support of their positions. There, a husband and his wife brought suit against the husband's former employer and supervisor for violation of federal and state age-discrimination laws, among other state law claims, arising from the former employer's discharge of the husband. Id. at 345. The plaintiffs originally filed the action in the Court of Common Pleas of Allegheny County, Pennsylvania and the defendants removed it to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1441(a). Id. Six (6) months after the uncontested removal, the plaintiffs moved to amend their complaint, removing the federal causes of action because they "believed these claims were not tenable." Id. at 346. The plaintiffs also filed a motion to remand the case to state court, which was conditional upon the grant of their proposed amendment, since "the amendment would eliminate their sole federal-law claim, which had provided the basis for removal of the case". Id. at 346.

The Western District of Pennsylvania granted the amendment and subsequent remand. The Supreme Court granted *certiorari* in order to resolve the Circuit split "as to whether a district court has discretion to remand a removed case to state court when all federal-law claims have dropped

out of the action and only pendent state-law claims remain." Id. at 348.  The Court found that while there was only one federal claim, the District Court retained jurisdiction over the state law claims because they were derived from the same nucleus of operative facts. Id. at 350.  When, however, "the single federal-law claim in the action was eliminated at an early stage of the litigation, the District Court had a powerful reason to choose not to continue to exercise jurisdiction." Id. at 351 (emphasis added).

The Supreme Court noted that under United Mine Workers of Am. v. Gibbs, 383 U.S. 715 (1966), "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." Carnegie-Mellon, 484 U.S. at 350.  Notably, "[i]t has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right." Gibbs, 383 U.S. at 726. The Court in Carnegie-Mellon found that "[g]iven that Congress' silence in the removal statute does not negate the power to dismiss such cases, that silence cannot sensibly be read to negate the power to remand them." Id. at 354.

While the Supreme Court did recognize petitioners' concern that plaintiffs could "secure a state forum through the use of manipulative tactics . . . simply by deleting all federal-law claims from the complaint and requesting that the district court remand the case", it stressed that "[t]his concern . . . hardly justifies a categorical prohibition on the remand of cases involving state-law claims regardless of whether the plaintiff has attempted to manipulate the forum and regardless of the other circumstances in the case." Id. at 357.  Rather, the Court found that district courts may take such tactics in consideration when deciding whether to exercise its discretion in retaining jurisdiction. Id.

A district court can consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case. If the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case. The district courts thus can guard against forum manipulation without a blanket rule that would prohibit the remand of all cases involving pendent state-law claims.

Id.

Ultimately, the Supreme Court concluded "that a district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate." Id.

## III.   DISCUSSION

The Court shall consider the following factors in turn below in recommending whether remand is appropriate: manipulation of the forum, judicial economy, convenience, fairness, and comity. See Carnegie-Mellon, 484 U.S. 343. While Defendants discuss each of these factors and contend that they are either neutral or weigh in favor of this Court retaining jurisdiction, (see generally Def. Opp. Br., ECF No. 36), Plaintiff argues that on balance of factors, the case should be remanded.[2] (See generally Pl. Br., ECF No. 32-1).

### a.   Forum Manipulation

Defendants' opposition is premised on their position that "Plaintiff's gamesmanship and manipulation of jurisdiction should not be countenanced by this Court." (Def. Opp. Br., ECF No. 36, at 3). Plaintiff did not address this argument in his Motion to Remand and did not file a reply to Defendants' opposition. Defendants rely on Williams v. Newark Beth Israel Med. Ctr., 322 F. App'x 111 (3d Cir. 2009), arguing that "the Court of Appeals affirmed Judge Pisano's decision

---

[2] Notably, however, the only factor that Plaintiff discusses in any "depth" is that of comity. (See generally Pl. Br., ECF No. 32-1).

8

denying remand where, as here, the plaintiff voluntarily withdrew her federal claims, reasoning that to allow the plaintiff to obtain a remand by such a tactic would invite the manipulation of the forum." (Def. Opp. Br., ECF No. 36, at 7-8) (internal quotations omitted).

In Williams, the Third Circuit affirmed the Honorable Joel A. Pisano, U.S.D.J.'s decision to retain jurisdiction over the case even after plaintiff's federal claims had been withdrawn. 322 F. App'x 111. Williams is, however, distinguishable from the case at hand. First, the parties in Williams engaged in "extensive discovery", Williams, 322 F. App'x at 112, while the parties in the instant matter have not engaged in any discovery. There has been no Initial Conference, no discovery schedule entered, and, as far as the Court can tell, no Rule 26 disclosures have been exchanged.

Additionally, Judge Pisano "had become familiar with the matter due to the time involved in the litigation and the Court's resolution of certain discovery issues. The Court reasoned that '[t]o remand Plaintiff's . . . claims to state court and start anew, after the time and resources the parties and the Court have expended, would be against the interests of judicial economy, fairness and convenience, and would invite the manipulation of the forum.'" Id. at 113. Although this case was filed in 2015, this Court's determination of whether remand is appropriate has preceded the adjudication of any dispositive motions. The pleadings remain unsettled and this Court has yet to delve into the merits of the case. This Court's familiarity with this case barely scratches the surface.

This Court recommended that Plaintiff's first Motion to Remand be denied on technical grounds. (See generally ECF No. 15). That, coupled with Plaintiff's attempt to eliminate the federal causes of action at the outset of removal distinguishes this case from Williams. Plaintiff's actions do not rise to the level of the "manipulative tactics" necessary to tip the scale in favor of

retaining jurisdiction. As noted above, "[i]f the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case." Carnegie-Mellon, 484 U.S. at 357. Upon careful consideration, this factor does not weigh in favor of retaining jurisdiction. The Court shall, therefore, consider the remaining factors below.

### b. Judicial Economy

Defendants argue that this factor weighs in favor of denying Plaintiff's Motion to Remand given this Court's familiarity with the case. (Def. Opp. Br., ECF No. 36, at 10). While Defendants argue that that they "should not be burdened with the further expense and delay that would be incurred in briefing a motion to dismiss in a state court that has no familiarity with this case, when the issues have been repeatedly and exhaustively briefed to this Court", (Def. Opp. Br., ECF No. 36, at 3), this Court's involvement with this matter has been limited to determining whether there is proper subject matter jurisdiction. As noted above, this Court's familiarity is tenuous at best. This factor is, therefore, neutral to this analysis.

### c. Convenience and Fairness

Defendants argue that both these factors are neutral to the analysis since all parties are located in New Jersey and neither party "would be prejudiced [n]or unfairly aided by either retention or remand." (Def. Opp. Br., ECF No. 36, at 11-12). This Court agrees and finds that these factors have no bearing on the outcome of this Court's recommendation.

### d. Comity

Defendants argue that this factor "plays no role in this analysis" as "[t]his case poses no recurring, fundamental or complex questions of state policy in which the state courts have expressed any special interest." (Id.). Plaintiff on the other hand argues that under the principle

10

of comity this case should be remanded because "[t]his is a matter which is best left to state court which has more experience and familiarity with" the issues at hand. (Pl. Br., ECF No. 32-1, at 2). While this Court is equipped to adjudicate the causes of actions in this case, all federal claims have been removed from the operative Complaint. State Court is, therefore, the more appropriate forum to adjudicate these grievances. See Gibson v. Vive Spa & Salon, LLC, No. 11-5403 (PGS), 2012 WL 4035152, at *2 (D.N.J. Sept. 12, 2012) ("comity is best served by deciding Plaintiff's New Jersey claims in a New Jersey court"); see also Dixon v. Rutgers Univ. Facilities Maint. Servs., No. 11-1409 (ES) (SCM), 2013 WL 1786338, at *7 (D.N.J. Apr. 25, 2013) (finding that remand was appropriate where Plaintiff's federal claims along with several defendants had been dismissed and comity was "best served by remand" where "the Superior Court of New Jersey's interest in adjudicating this matter is substantially greater than that of the district court.").

### e. **Balance of Factors**

On balance, these factors weigh in favor of remand, even if Plaintiff's motivation for removing the federal causes of action is to remand this case to the Superior Court of New Jersey. See e.g., Pacheco v. Rosenberg, No. 12-4513 (ES) (SCM), 2013 WL 588225, at *5 (D.N.J. Jan. 24, 2013), report and recommendation adopted, No. 12-4513 (ES), 2013 WL 588246 (D.N.J. Feb. 13, 2013) ("To the extent that the Defendant's dismissal of the federal claims against the City may have been primarily motivated by a desire to litigate exclusively in state court, this court is still persuaded that, on balance, remand best serves the goals of comity, efficiency, fairness and consistency."). Ultimately the decision to retain jurisdiction is up to this Court's sound discretion. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343. In its discretion, this Court recommends that this case be remanded to the Superior Court of New Jersey, Hudson County.

## IV.   <u>CONCLUSION</u>

Based on the foregoing, this Court respectfully recommends that Plaintiff's Motion to Remand, (ECF No. 32), be **GRANTED.**

_____
JOSEPH A. DICKSON, U.S.M.J.

cc:   Hon. Esther Salas, U.S.D.J.